UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF Illinois
EASTERN DIVISION

JN

Willie James Houston,
       Plaintiff ,

VS.

SERGEANT JONES ,
OFFICER Simmons ,
       defendants )

CASE No. 14 C 9462

HONORABLE Judge
CHARLES P. KOCORAS

**FILED**

AUG 24 2015 BAA
8-24-15
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# PLAINTIFFS MOTION FOR JUDGEMENT ON THE PLEADINGS

Now comes the pro se plaintiff, JAMES HOUSTON, in the Above stated cause, And does respectfully move this honorable court For judgement on the pleadings; in support whereof the Plaintiff Now states the following —

1) This Action was Filed pursuant to Civil Rights Act, Title 42 Section 1983 on November 24, 2014.

2) DEFENDANTS Filed their "ANSWER" to plaintiffs Complaint on MARCH 9, 2015.

3) Plaintiff sent his "Request For Production of documents" to defendants Attorney on April 7, 2015.

4.) DEFENDANTS _FINALLY_ RESPONDED WITH A _FEW_ DISCOVERY DOCUMENTS ON _JULY 9, 2015_ (OVER 3 MONTHS LATER).

5.) PLAINTIFF WAS _DEPOSED_ AT HIS PLACE OF INCARCERATION ON _8-14-15_.

PLAINTIFF ALLEDGES IN HIS COMPLAINT THAT HE'D BEEN THREATENED WITH BODILY HARM BY HIS CELLMATE AND FEARED FOR HIS SAFETY BECAUSE PLAINTIFF WAS _58_ YEARS OLD AT THE TIME WHILE HIS CELLMATE WAS _MUCH_ YOUNGER AT JUST _23_. PLAINTIFF FURTHER ALLEDGED THAT HE _PLEADED_ WITH DEFENDANTS JONES AND SIMMONS TO MOVE EITHER _HIM_ OR HIS CELLMATE FROM THE CELL, BUT THAT THESE DEFENDANTS _INSTEAD_ ELECTED TO IGNORE THE SITUATION. SUBSEQUENTLY PLAINTIFF WAS _VICIOUSLY_ AND _BRUTALLY_ ATTACKED BY HIS CELLMATE AND SUSTAINED A _SUBSTANTIAL_ INJURY REQUIRING SUTURES TO CLOSE THE _LACERATION_ AND WHICH HAS LEFT PLAINTIFF WITH A PERMANENT DISFIGUREMENT.

## DEFENDANTS "AFFIRMATIVE DEFENSES" ARE NOT VALID

IN PARAGRAPH _ONE_ OF DEFENDANTS AFFIRMTIVE DEFENSES, THESE DEFENDANTS WOULD HAVE THIS HONORABLE COURT BELIEVE THAT VIOLATING THE PLAINTIFFS _FIFTH_, _EIGHTH_ AND _FOURTEENTH_ AMENDMENT RIGHTS WAS "CONDUCTING THEMSELVES AT ALL TIMES _OBJECTIVELY_ _REASONABLE_." THIS PLAINTIFF WAS _DENIED_ DUE PROCESS _OUTRIGHT_ WHEN HE _ATTEMPTED_ TO GO THROUGH THE PROPER CHANNELS TO GET _PROTECTION_ FROM HIS _YOUNG_ AND _VIOLENT_ CELLMATE BY _PLEADING_ WITH DEFENDANTS JONES _AND_ SIMMONS; TELLING _BOTH_ THESE DEFENDANTS THAT MY CELLMATE HAD BEEN

threatening to do me _bodily harm_ and that I was VERY afraid of him (see exhibit # two) and to please move either me or him out of the cell. And, of course, they both ignored plaintiffs pleas. Then plaintiff was FURTHER denied due process when he attempted to get redress through the institutions grievance procedure.

Plaintiff can show this court from exhibits # SEVEN and # eight that grievance status was actually denied him simply because plaintiff did not know of some 15 day time limit on grievances.

When plaintiff was processed into the jail on 9-2-14 (almost a whole year ago) neither he nor any of the other detainees recieved any behavior guidelines or handbooklets outlining any grievance proceedure or any other institutional policy. Plaintiff has not seen any such thing in the whole year he's been incarcerated here, and this pervasive practice (of not clearly defining the lines of acceptable behavior and what is not) is prevalent throughout the institution and is a source of oppression for many detainees who've had their rights trampled upon.

This court can see in exhibit # 8 how STAFF crossed out with an X the APPEAL section on the grievance form, effectively shutting down any possible redress for the plaintiff on the institutional level.

Therefore, this assertion, that these defendants "conducted themselves objectively reasonable at all times" mocks this courts common sense and is totally without merit.


Paragraph two of defendants affirmative defenses is also ludicrous. Defendants are ALWAYS sued in their individual and their official capacity and the plaintiff will therefore leave paragraph # two for the court to decide.


Paragraph # three has been thoroughly addressed in paragraph ONE of

this outline. Exhibits #7 and 8 clearly show the court that plaintiff did indeed pursue this facilities grievance procedure as far as he could go. The defendants attorney would have this court PUNISH the plaintiff because STAFF at this institution denied the plaintiff his "due process" rights.

Plaintiff asserts therefore, that paragraph #3 of "defendants affirmative defenses" that "plaintiff failed to exhaust his administrative remedies" is totally without merit.


Paragraph #4 of "defendants affirmative defenses" that "plaintiff failed to provide REASONABLE notice to DEFENDANTS of any threats to his own safety" is a VERY curious assertion because defendants attorney does not say that notice of a threat to plaintiffs own safety was not provided; but that REASONABLE notice was not provided.

HERE the court has the defendants first ADMISSION that plaintiff did indeed tell these defendants that plaintiffs cellmate had been issuing threats to plaintiff to do him bodily harm. Plaintiff told defendant JONES FIRST on the afternoon of Monday 9-23-14, nearly 48 hours before the brutal attack actually OCCURRED : (SEE exhibit #two) AND paragraph #three of defendants "ANSWER" to plaintiffs complaint) that his cellmate had been issuing threats to him to do him bodily harm. Also exhibit #NINE shows this court that defendant JONES was indeed on duty the afternoon of Monday September 23, 2014: A mere 48 hours before plaintiff was attacked but more than enough for REASONABLE notice to have been established to notify defendants of an imminent attack upon plaintiff. Additionally, plaintiff told defendant Simmons of the threat and

she completely ignored plaintiff. (See Paragraph #six of defendants "Answer" to plaintiffs complaint).

Also, when the court examines (Exhibit# six) and see's how defendant Simmons brazenly takes her one-hour lunch break (during which time plaintiff suffered the brutal attack) not even bothering to get a stand-in officer to watch her tier for her until she returns, which is standard operating procedure: especially a designated "protective custody" tier; this court can easily see a "pattern" of "deliberate indifference" on the part of defendant Simmons by her reckless behavior.

Therefore, Paragraph #4 of defendants affirmative defenses is also an assertion that is completely without merit.

And of course this honorable court can easily determine that Paragraph #5 of defendants affirmtive defenses has been thoroughly addressed in the preceeding outline of plaintiffs Motion. Both these defendents possessed specific knowledge of immenent harm to plaintiff because plaintiff told both of them. In Exhibit #one the court can see where plaintiff readily told staff he was in fear for his life and requested placement in "protective custody". And when plaintiff realized he was facing immenent danger while in the cell with an inmate who was much younger;(23) plaintiff was 58; plaintiff did not deviate from his pattern of informing staff when he felt threatened.

Also, plaintiffs physical health made him the more afraid. In addition to being nearly 3 times the age of my assailant,

the plaintiff had A FRACTURED toe on his right foot that was so SEVERE doctors ordered plaintiff to occupy A lower bunk. (Exhibit #12) Please also note the powerful pain reliever, Ibupropen 600 milligrams which plaintiff was prescribed by the doctor for the terrible pain in his fractured toe And the orthotic shoe ordered for plaintiff. Note also the plaintiffs hemorrhoidal Condition.

Surely therefore, this honorable Court can now deduce that plaintiffs physical infirmities (together with being 58 years old at that time) would have caused plaintiff to quickly inform staff of any and All threats to his person; which, in the instant case, plaintiff has proven that he certainly did.



On the night of this violent attack upon the plaintiff by my cellmate, when defendant Simmons reported for duty at the beginning of the 11pm to 7am shift, I immediately informed her that I was afraid for my safety because my young cellmate had been threatening me with bodily harm. But defendant Simmons looked at the plaintiff with utter contempt and simply walked away from the cell.

At approximately 2:00 AM or so, my cellmate viciously and brutally attacked me. The attack was sudden and unprovoked. I was repeatedly punched, kicked and stomped about the head, face and body. Note the "blunt head trauma" in (Exhibit #13). Please also note

that the lip was _lacerated_ ("cut") in (Exhibit #15) And please Also note that the plaintiffs lip _bled_ for _hours_; see (exhibit #16) where defendant Simmons stated she saw the lip bleeding immediately Following the attack at approximately 3:00 AM — ON up to the time plaintiff arrived at _Strogers Hospital_ And saw RN Teresa Gray at 5:42 AM — Nearly 3 hours later: _Exhibit #15_ shows that plaintiff arrived at Strogers Hospital with a lacerated lip that was _still_ bleeding.

It must be noted that Plaintiff was transfered From the jails E.R. (Emergency Room) At Cermak to Strogers Hospital; which shows the court that plaintiffs injuries were not considered routine by the jails medical staff because Cook County jails Health Care System is the best of any county jail in the Nation. Also, the E.R. at Cermak transfered plaintiff to Strogers because Cermak does not perform _SUTURES_.

And may the court _please_ note that even though Plaintiff Recieved _Several_ sutures in his lip, defendants Attorney was Care Ful not to send plaintiff Any Medical Records that indicated this important Fact. And as this court already Knows, David Lee Bonner has been _with-holding_ discovery material From the plaintiff since discovery commenced in this case.

Also, defendants Attorney, David Lee Bonner, mentioned to Plaintiff during plaintiffs Recent deposition that none of plaintiffs medical Records indicated "Permanent disfigurement" As a result of plaintiffs badly lacerated lip.

But may the court note that plaintiff Filed his complaint

ON November 18, 2014; 2 months AFTER plaintiffs injury to his lip. And by this time the tender tissue on the lip area had FINALLY begun to heal. And only then could the plaintiff determine that he had a "PERMANENT DISFIGUREMENT". NO WAY could something like this have been FORESEEN by medical staff at Strogers hospital at the time of the plaintiffs injury.

DAVID LEE BONNER desires to make an issue of this but may the court please note that plaintiff gave MR. BONNER an opportunity to challenge this allegation by sending plaintiff a decent size booking photo of plaintiff (which MR. BONNER could have easily procured) and had it compared to a RECENT photo (of comparable size) of plaintiff which, AGAIN, MR. BONNER could easily have had made.

But, of course MR. BONNER did NONE of this. Just as easily as Cook County Sheriffs took photos of plaintiffs injuries plaintiff has now sent to this court as exhibits; County Sheriffs would've honored MR. BONNERS request FOR A RECENT photo of plaintiff. MR. BONNER just didn't want this honorable court to SEE the gruesome damage left behind on this plaintiffs lip.


And this is the damage inflicted upon plaintiff by his violent young cellmate whom plaintiff told defendant Simmons that he had been issuing threats of bodily harm to plaintiff. NEVERTHELESS, not only did defendant Simmons IGNORE plaintiffs desperate pleas to get plaintiff out of that cell, but Simmons even brazenly went on her one-hour lunch break without even requesting a "BACK-UP" officer (STANDARD OPERATING PROCEDURE) to watch her tier for her for that one-hour, thus leaving her

tier (a designated "protective custody" tier) completely unattended for that whole hour, which was when plaintiff suffered that brutal attack. And, again; defendant Simmons did this despite being given "reasonable notice" of a specific threat of an imminent physical attack upon this plaintiff.

Plaintiff hereby asserts that all of this constituted, not only an egregious abuse of authority by defendant Simmons, but it also vividly demonstrates a pattern of "deliberate indifference" which the court can now see and which the plaintiff prays this honorable court will not excuse. "Deliberate indifference" which led directly to a substantial injury upon plaintiff which the plaintiff has the scars to prove.

Plaintiff further asserts that he has herein more than met his burden of proof in alledging that his Fifth, Eighth and Fourteenth amendment rights under Article I Section II of the Illinois Constitution of 1970 have been egregiously violated by these defendants and that the plaintiff is entitled to the compensation herein sought.

Wherefore, plaintiff does humbly beseech this honorable court that it would graciously grant plaintiffs "motion for judgement on the pleadings" in favor of the plaintiff and against these defendants for the judgement sought herein.

Much sincere thanks
Plaintiff
Willie James Houston
Willie James Houston
#20140902270
P.O. Box 089002
Chicago, Ill. 60608

# PROOF OF SERVICE

I Willie James Houston , do swear under penalty of perjury that I caused an exact copy of the attached document "MOTION FOR JUDGEMENT ON THE PLEADINGS" to be deposited in the U.S. MAIL at the Cook County Jail on August 19, 2015 .

NOTARY PUBLIC

OFFICIAL SEAL
MURIEL C GAUTHIER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/19/17

Muriel C. G
Notary

Willie James Houston
Willie James Houston
#2014 690 2270
P.O. Box 089002
Chicago, Ill.
60608

Exhibit

STATE OF ILLINOIS                    COUNTY OF COOK

AFFIDAVIT

I Willie James Houston, AFTER being duly sworn upon my oath depose and states that the following matter are both true and correct in substance and in facts:

That on Monday afternoon, 9-23-14, while Sergeant Jones was in Division 6 on tier 2-C, I approached him and informed him that I was afraid for my safety because my cellmate had been issuing threats of bodily harm to me. I further pleaded with Sergeant Jones to move either me or my cellmate to an alternate location; but Sergeant Jones just laughed at me and ordered me to return to the cell and lock up. Consequently, I was brutally attacked two days later.

OFFICIAL SEAL
MURIEL C GAUTHIER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/19/17

Willie James Houston
Willie James Houston
#2014090 2270
P.O. Box 089002
Chicago, Ill, 60608

_Muriel C. G_
Notary

Exhibit # One

# COOK COUNTY SHERIFF'S OFFICE

User ID: MANDERSON 384813



## Incident Report

Incident #: 140013874

| | Shift: | AFTS | Incident Type: | 08 PROTECTIVE CUSTODY RQST. | |
|---|---|---|---|---|---|
| Incident Date: 9/2/2014 | Incident Time: | 16:56 | Incident Location: | RCDC | |
| Report Date: 9/2/2014 | Report Time: | 16:56 | Reporting Officer: | TWARD | ID: 786139 |
| Facility: RCDC | Hearing Req: | | Status: | CLOSED | |

DESCRIPTION: PROTECTIVE CUSTODY REQUEST

INCIDENT: ON THE ABOVE DATE INMATE HOUSTON, JAMES#2014-0902270 STATED TO R/O WARD #9170 THAT HE IS IN FEAR FOR HIS LIFE IN GENERAL POPULATION AND IS REQUESTING PROTECTIVE CUSTODY. R/O IMMEDIATELY SEPARATED INMATE HOUSTON FROM GENERAL POPULATION AND PLACED HIM IN SEGRAGATION BULLPEN 1084. SGT.CINTRON WAS NOTIFIED

ASSESSMENT: LT N LEWIS #197 WAS NOTIFIED BY SGT. CINTRON THAT DETAINEE HOUSTON, JAMES #20140902270 REQUESTED TO BE PLACED ON PROTECTIVE CUSTODY DURING THE INTAKE PROCESS. DETAINEE HOUSTON WAS SEPARATED FROM GENERAL POPULATION AND WILL HOUSED ACCORDINGLY. EXOPS NOTIFICATION OFC. MUNIZ #7053 @ 2010HRS TRACKING #14-RC-09-0042

| Contraband: | Item Description: | NA | | Item Location: | NA | |
|---|---|---|---|---|---|---|
| Weapon Inv. | Weapon Type: | NA | | Weapon Location: | NA | |
| | Evidence Location: | NA | | Tag #: | | |
| Med. Notified: | Medical Name: | NA | | ID: | | Date/Time: |
| Supv. Notified | Supervisor Name: | WCINTRON2 | | ID: 379853 | | Date/Time: |
| Photographed: | Subject | Officer | Scene | Evidence | Charges Sought: Yes No | Video Tape #: |
| Witnesses: | Yes ✓ No | Statements Taken: | Yes No | Further Investigation Yes No | | |

Date Submitted: 09/02/14 16:57        Status: APPROVED        Report Control #: 138091

# CCSAO Houston 14 C 9462   00001

Exhibit # Three



# Cook County Health and Hospitals System

1900 West Polk Street, Chicago, Illinois 60612

**Toni Preckwinkle**       President, Board of Cook County Commissioners

**Affiliates**

Ambulatory & Community Health Network of Cook County       Provident Hospital of Cook County
Cermak Health Services of Cook County       Oak Forest Health Center of Cook County
Cook County Department of Public Health       Ruth M Rothstein CORE Center

John H. Stroger, Jr. Hospital of Cook County

Patient Name: HOUSTON, JAMES W
Patient Type: Visit CHS                    Admission Date: 9/2/2014       MRN: 00063651z
Birth Date: 1/26/1956                      Discharge Date:
Gender: Male                               FIN: 20140902270              CMRN: 1007079358

| ER CHS |
|---|

Document Type:                    ER CHS
Service Date/Time:                9/24/2014 04:12 CDT
Result Status:                    Auth (Verified)
Perform Information:              CROWLEY,ANDREW J (9/24/2014 04:12 CDT)
Sign Information:                 CROWLEY,ANDREW J (9/24/2014 04:12 CDT)

### Cermak ED Triage Entered On: 09/24/2014 04:13
### Performed On: 09/24/2014 04:12 by CROWLEY, ANDREW J

**Cermak Triage Adult**
*Vital Signs :* Assessed
*Chief Complaint :* Assessed
*Accompanied By :* Police
*Information Provided By :* Patient
*Mode of Arrival :* Walked
*Time IN :* 04:13
*Allergies :* Assessed
*PMH :* Yes
*ED Current Medications :* Assessed
*Last Tetanus :* Unknown
*Triage Complete for Adult ED :* Yes
*Acuity :* 1

CROWLEY, ANDREW J - 09/24/2014 04:12

**Chief Complaint**
*Primary Chief Complaint :* Lip swelling (facial swelling) 782.3
*Chief Complaint Additional Info :* PT COMPLAINING OF LIP PAIN AND SWELLING AFTER BEING PUNCHED IN THE
FACE. SWELLING NOTED TO LIP.

CROWLEY, ANDREW J - 09/24/2014 04:12

**Allergies**

(As Of: 09/24/2014 04:13:37 CDT)

Allergies (Active)
No Known Allergies              *Estimated Onset Date:* Unspecified ; *Created By:* BATULA,
                                AIDALIZA; *Reaction Status:* Active ; *Category:* Drug ;
                                *Substance:* No Known Allergies ; *Type:* Allergy ; *Updated By:*
                                BATULA, AIDALIZA; *Reviewed Date:* 09/02/2014 17:50

**Vital Signs/Respiratory**

CONFIDENTIAL: If the reader of this report is not the intended recipient; or the employee or agent responsible, you are hereby
notified that any reading, dissemination, distribution or copying of this communication is strictly prohibited. If you receive this
communication in error, please notify the appropriate party immediately.

CCSAO Houston 14 C 9462  00027

*Exhibit # Four*

COOK COUNTY
SHERIFF'S POLICE DEPARTMENT

# CONTINUATION SHEET

| 2. PAGE NUMBER | 3. OFFENSE | 4. CLASSIFICATION | 2. CASE REPORT # |
|---|---|---|---|
| 2  Of  3 | Battery | Simple | 14-218680 |

5. SUBURBAN COMPLAINT NO.

Witnesses(s):       Officer Simmons Shnina
Female/Black, Date of Birth (DOB)
2801 S. Sacramento Chicago, Illinois 60608 TX 773/674-5360
Interviewed 01 October 2014 at approximately 0600 hours

Injuries/Taken to:       DNA

Evidence:       DNA

ASA:       DNA

Court/Date/Time:       DNA

Investigation/Narrative (in summary and not verbatim):

The following investigation was conducted by Reporting Investigator (R/I) Glinsey #599 of the Cook County Sheriff's Police Department Correctional Information and Investigations Division:

On 25 September 2014 at approximately 1430 hours, R/I was assigned a simple battery case that occurred in Cook County Department of Corrections Division 6 reference IMACS 140015346 in which inmates Jenkins and Houston were fighting inside of their cell. According to the report, inmate Houston's upper lip was bleeding and inmate Jenkins had no visible injuries but complained of pain to his right hand.

On 28 September at approximately 1010 hours, R/I interviewed inmate Houston in Division 6. Inmate Houston related to R/I in summary but not verbatim unless otherwise noted that he inmate Jenkins was up all night hollering in the vents and flushing the toilet. Inmate Houston stated he heard some water hitting the floor. Inmate Houston stated he got up out of bed, turned the light on to clean it up. Inmate Houston stated inmate Jenkins attacked him. Inmate Houston stated inmate Jenkins thought he was going to be attacked. Inmate Houston stated inmate Jenkins struck him in the mouth twice and head three or four times with a closed fist. Inmate Houston stated inmate Jenkins kicked him in the ribs and neck as he lay on the floor. Inmate Houston stated he was bleeding on the floor until the officers came. Inmate Houston stated he received sutures to his upper lip and spent time in Stroger Hospital for observation. Inmate Houston stated he wanted to pursue charges against inmate Jenkins. R/I concluded this interviewed.

On 28 September 2014 at approximately 1015 hours, R/I interviewed inmate Jenkins in Division 6. Inmate Jenkins related to R/I in summary but not verbatim unless otherwise noted that inmate Houston has been calling him out of his name for last three hours that night. Inmate Jenkins stated inmate Houston got up and rushed at him. Inmate Jenkins stated inmate Houston made him hit his head against the wall. Inmate Jenkins stated he stuck his arm out to keep him away. Inmate Jenkins stated he wanted to pursue charges against inmate Houston. R/I concluded this interview.

| 17. REPORTING OFFICER / SIGNATURE | STAR # |
|---|---|
| Glinsey | 599 |

CCSAO Houston 14 C 9462       00008

Exhibit # Five

# Cook County Health and Hospitals System

1900 West Polk Street, Chicago, Illinois 60612

Patient Name: HOUSTON, JAMES W
Patient Type: Visit CHS
Birth Date: 1/26/1956
Gender: Male

Admission Date: 9/2/2014
Discharge Date:
FIN: 20140902270

MRN: 00063651z; 0050C36C9c

CMRN: 1007079358

| ER CHS |
|---|

Temperature Oral : 98.0 DegF(Converted to: 36.7 DegC)
Pulse Rate : 81 bpm
Systolic Blood Pressure : 124 mmHg
Diastolic Blood Pressure : 90 mmHg
NIBP Site : Arm, Left
Respiratory Rate : 16 breaths/min
Oxygen Saturation : 99 %
Oxygen Delivery Device : Room air

CROWLEY, ANDREW J - 09/24/2014 04:12

**Current Medications**
Current Medication List : Other: zoloft,respidol,tresidone

CROWLEY, ANDREW J - 09/24/2014 04:12

**Medical/ Surgical History**
Past Medical History : Mental Illness, Other: Pt. sts. c/o chest pain x today off and on.

CROWLEY, ANDREW J - 09/24/2014 04:12

Document Type:
Service Date/Time:
Result Status:
Perform Information:
Sign Information:

ER CHS
9/24/2014 05:49 CDT
Auth (Verified)
GRAY RN,TERESA (9/24/2014 05:49 CDT)
GRAY RN,TERESA (9/24/2014 05:49 CDT)

Cermak ED Discharge Entered On: 09/24/2014 05:51
Performed On: 09/24/2014 05:49 by GRAY RN, TERESA

**Cermak Disposition**
Time Out : 05:49
Other Discharge Diagnosis : Facial/Oral/Head trauma s/p Altercation
ED Provider : WILLIAMSON MD, SUNITA B
Cermak Disposition : Transfer to Hospital
Condition on D\C : Unchanged

GRAY RN. TERESA - 09/24/2014 05:49

Document Type:
Service Date/Time:
Result Status:
Perform Information:
Sign Information:

ER CHS
9/25/2014 07:56 CDT
Auth (Verified)
OUTLAW-CLAY RN,PATRICIA (9/25/2014 07:56 CDT)
OUTLAW-CLAY RN,PATRICIA (9/25/2014 07:56 CDT)

Cermak ED Triage Entered On: 09/25/2014 07:58
Performed On: 09/25/2014 07:56 by OUTLAW-CLAY RN, PATRICIA

Report Request ID: 21341530

Page 2 of 296

Facility: CHS
Location: 062B; 6; 1

CONFIDENTIAL: If the reader of this report is not the intended recipient; or the employee or agent responsible, you are hereby notified that any reading, dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify the appropriate party immediately.

CCSAO Houston 14 C 9462 00028

Exhibit # SIX

# COOK COUNTY SHERIFF'S OFFICE



## Incident Report

Incident #: 140015346

| | | | | | |
|---|---|---|---|---|---|
| | **Shift:** | MIDS | **Incident Type:** | 12 DISCIPLINARY | |
| **Incident Date:** 9/24/2014 | **Incident Time:** | 3:35 | **Incident Location:** | DIVISION SIX | |
| **Report Date:** 9/24/2014 | **Report Time:** | 3:36 | **Reporting Officer:** | SSIMMONS | ID: 384370 |
| **Facility:** DIV6 | **Hearing Req:** | ☑ | **Status:** | OPEN | |

DESCRIPTION: FIGHT IN CELL - 2C (L4) HOUSTON, JAMES, ID#2014-0902270 & JENKINS, KENNAN, ████████

INCIDENT: IN SUMMARY, AT APPROXIMATELY 0302 HRS. FOR 24 SEPT 14, R/O SIMMONS WAS RETURNING FROM LUNCH. INMATE JENKINS, KENNAN ████████ GOT R/O's ATTENTION TO COME TO CELL 4. WHEN R/O ARRIVED AT CELL 4 INMATE JENKINS TOLD R/O THAT HE AND HIS CELLMATE HOUSTON, JAMES 20140902270 WERE FIGHTING. R/O SIMMONS NOTIFIED SGT. GRADOWSKI VIA RADIO TO 10-25 TIER 2C. INMATE HOUSTON'S UPPER LIP WAS BLEEDING. BOTH INMATES WERE SENT TO CERMAK FOR MEDICAL ATTENTION AND THEY BOTH WISH TO PRESS CHARGES AGAINST ONE ANOTHER. LT. KELLY AND LT. ACOSTA WERE NOTIFIED.

ASSESSMENT: AFTERMATH INCIDENT RECORDED BY SGT. GRADOWSKI USING CAMERA CHIP#347 R/LT ACOSTA#210 AND LT KELLY #63 NOTIFIED THAT BOTH CELLMATES HOUSTON, JAMES AND JENKINS, KENNAN FROM TIER 2 C (PC) WERE INVOLVED IN A 10-10(FIGHT). MR. HOUSTON STATES THAT HIS CELLMATE (JENKINS) IS MESSY AND IS CONSTANTLY DIRTYING THEIR CELL CAUSING MR. HOUSTON TO CHALLENGE MR. JENKINS THAT EVENTUALLY LEAD TO A PHYSICAL ALTERCATION. MR. JENKINS STATED THAT HE RETURNED FROM HAVING A PSYCH EVAL AND FELT DISRESPECTED BY MR. HOUSTON LEADING THEM TO FIGHT. BOTH RECEIVED MEDICAL ATTENTION BY DR. WILLIAMSON AND A PSYCH EVAL WITH COMPLETED INTER-AGENCY FORM BY PSYCH WORKER MEYERS. IN ADDITION, BOTH DETAINEES WILL RECEIVE DISCIPLINARY TICKETS FOR THEIR ACTIONS HOWEVER, BOTH DETAINEES DESIRE TO PRESS CHARGES AGAINST EACH OTHER. COMPLAINT FORMS HAVE BEEN ISSUED AND SIGNED. A CUT LIP WAS OBSERVED ON MR. HOUSTON AND NO VISIBLE INJURIES WERE OBSERVED ON INMATE JENKINS YET HE COMPLAINED OF PAIN ON HIS HAND. AO LINE OFC. WILSON NOTIFIED#7598 ALSO SUPT THOMAS WILL BE NOTIFIED VIA THIS REPORT. BOTH DETAINEES DECLINE HAVING ANY INVOLVEMENT IN GANGS. UPON RETURN BOTH DETAINEES WILL BE SEPARATED AND REMAIN IN PROTECTIVE CUSTODY.

| | | | | | |
|---|---|---|---|---|---|
| Contraband: | ☐ Item Description: | | Item Location: | | |
| Weapon Inv: | ☐ Weapon Type: | | Weapon Location: | | |
| | Evidence Location: | | Tag #: | | |
| Med. Notified: | ☑ Medical Name: | DR. WILLIAMSON | ID: | Date/Time: | 9/24/2014 3:30 |
| Supv. Notified: | ☐ Supervisor Name: | RGRADOWSKI | ID: 379908 | Date/Time: | 9/24/2014 3:05 |
| Photographed: | ☐ Subject ☐ Officer ☐ Scene ☐ Evidence | | Charges Sought: ☑ Yes ☐ No | | Video Tape #: |
| Witnesses: | ☐ Yes ☑ No | Statements Taken: ☑ Yes ☐ No | Further Investigation ☐ Yes ☐ No | | |

Date Submitted: 09/24/14 4:33    Status: APPROVED    Report Control # : 142144

CCSAO Houston 14 C 9462   00003

*Exhibit # SEVEN*



**COOK COUNTY SHERIFF'S OFFICE**
*(Oficina del Alguacil del Condado de Cook)*

**INMATE GRIEVANCE FORM**
*(Formulario de Queja del Preso)*

☐ NON-GRIEVANCE (REQUEST)

CONTROL #

NA

| (This section is to be completed by Program Services staff - ONLY.) / (Para ser llenado solo por el personal de Program Services.) |
|---|

GRIEVANCE FORM PROCESSED AS:

☐ EMERGENCY GRIEVANCE

☒ GRIEVANCE

☒ NON-GRIEVANCE (REQUEST)

*Program Services Supervisor Approving Non-Grievance (Request) Signature*

REFERRED TO:

☐ CERMAK HEALTH SERVICES

☒ SUPERINTENDENT:

☒ OTHER: _Inmate Services_

**INMATE INFORMATION** *(Información del Preso)*

| PRINT - INMATE LAST NAME *(Apellido del Preso)* | PRINT - FIRST NAME *(Nombre del Preso)* | ID Number *(# de Identificación)* |
|---|---|---|
| HOUSTON | Willie JAMES | 2014 0702270 |

| DIVISION *(División)* | LIVING UNIT *(Unidad)* | DATE *(Fecha)* |
|---|---|---|
| DIV. 6 | 2-E | 20.11.14 |

**INMATE'S BRIEF SUMMARY OF THE COMPLAINT** *(Breve Resumen de los Hechos del Preso)*

- An inmate wishing to file a grievance is required to do so within 15 days of the event he/she is grieving.
- Inmate Disciplinary Hearing Board decisions cannot be grieved or appealed through the use of an Inmate Grievance Request/Response/Appeal Form.
- When a grievance issue is processed as a NON-GRIEVANCE (REQUEST), an inmate may re-submit the grievance issue after 15 days to obtain a "Control Number" if there has been no response to the request or the response is deemed unsatisfactory.

- Un preso que desea llenar una queja, se le requiere que lo haga dentro de los 15 días después del incidente.
- Las decisiones del Comité Disciplinario de los presos, no podrán ser cuestionadas o Apeladas a través del uso del Formulario de Quejas/Respuesta/Forma de Apelación.
- Cuando una Queja se procesa como una QUEJAS NO (PETICIÓN), un preso podría re-someter una Queja después de los 15 días para recibir un "Número de Control", ya sea porque no hay una respuesta o porque la respuesta es insatisfactoria.

PLEASE INCLUDE:   Date of Incident  -  Time of Incident  -  Specific Location of Incident
*(Por Favor, Incluya:*   *Fecha Del Incidente  -  Hora Del Incidente  -  Lugar Específico Del Incidente)*

On or About 9-25-14 I was brutally attacked in
my cell in Div 6 2-E L-4 at approx 8:10 AM by my
Young Cellie. He had been making threats of bodily
harm to me ever since the day he came into my cell
ordering me to get out So he could get a cellie
so that on this or on the above date and time at the
specified location he brutally attacked me and has
been asking me to squeeze him because I told... I
told staff (above date/time) of my threat against...

ACTION THAT YOU ARE REQUESTING *(Acción que está solicitada)*

To be transferred into a unit and cell where I am protected...

| NAME OF STAFF OR INMATES HAVING INFORMATION REGARDING THIS COMPLAINT *(Nombre del personal o presos que tengan información)* | INMATE SIGNATURE *(Firma del Preso)* |
|---|---|
| | Willie James Houston |

**SUPERINTENDENTS/DIRECTORS/DESIGNEES OF A DIVISION/UNIT MUST REVIEW AND SIGN ALL GRIEVANCES ALLEGING STAFF USE OF FORCE, STAFF MISCONDUCT AND EMERGENCY GRIEVANCES. IF THE INMATE GRIEVANCE IS OF A SERIOUS NATURE THE SUPERINTENDENT MUST INITIATE IMMEDIATE ACTION.**

| CRW/PLATOON COUNSELOR (Print): | SIGNATURE: | DATE CRW/PLATOON COUNSELOR RECIEVED: |
|---|---|---|
| L. Lucero | | 10.23.14 |

| SUPERINTENDENT/DIRECTOR/DESIGNEE (Print): | SIGNATURE: | DATE REVIEWED: |
|---|---|---|
| | | / / |

(FCN-47)(NOV 11)   (WHITE COPY - PROGRAM SERVICES)   (YELLOW COPY - CRW/PLATOON COUNSELOR)   (PINK COPY - INMATE)

CCSAO Houston 14 C 9462   00022

Exhibit # Eight



## COOK COUNTY SHERIFF'S OFFICE
(Oficina del Aguacil del Condado de Cook)

## INMATE GRIEVANCE RESPONSE / APPEAL FORM
(Petición de Queja del Preso/Respuesta/Forma de Apelación)

GRIEVANCE ☐ NON-GRIEVANCE (REQUEST) ☐

CONTROL #: NA

### INMATE INFORMATION

| INMATE LAST NAME (Apellido del Preso): | INMATE FIRST NAME (Primer Nombre): | ID Number (# de Identificación): |
|---|---|---|
| Houston | Willie James | 2018762270 |

### GRIEVANCE / NON-GRIEVANCE (REQUEST) REFERRAL & RESPONSE
(*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFETY OF AN INMATE*)

CRW/PLATOON COUNSELOR'S SUMMARY OF THE COMPLAINT:
No Inmate on Inmate physical

IMMEDIATE CRW/PLATOON COUNSELOR RESPONSE (if applicable):
Grievance status is denied, your submission of this complaint is beyond the 15 days from the alleged event. If you feel there is just cause for reconsideration of this status, please resubmit thru the 15 Admin

CRW/PLATOON COUNSELOR REFERRED THIS GRIEVANCE/REQUEST TO (Example: Superintendent, Cermak Health Services, Personnel):
DATE REFERRED: 10/22/14

RESPONSE BY PERSONNEL HANDLING REFERRAL:
Grievance is to end process until denied cycle due to the submission (days) and an administrative review will be conducted. Grievance process does not award monetary compensation.

| PERSONNEL RESPONDING TO GRIEVANCE (Print): | SIGNATURE: | DIV./DEPT.: | DATE: |
|---|---|---|---|
| Hampton | Supv. Lett. | LS | 10/22/14 |

Superintendents of a division/unit must review all responses to grievances alleging staff use of force, staff misconduct and emergency grievances.

| SUPERINTENDENT/DIRECTOR/DESIGNEE (Print): | SIGNATURE: | DIV./DEPT.: | DATE: |
|---|---|---|---|
| | | | / / |

| NON-GRIEVANCE (REQUEST) SUBJECT CODE (Check applicable box): | INMATE SIGNATURE (If any) (Preso): | DATE RESPONSE WAS RECEIVED: (Fecha en que la respuesta fue recibida): |
|---|---|---|
| ☐ GRIEVANCE SUBJECT CODE: ___ ☐ NON-GRIEVANCE SUBJECT CODE: ___ | Willie James Houston | 10/22/14 |

### INMATE'S REQUEST FOR AN APPEAL (Solicitud de Apelación del Preso)

* To exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received the response.
* Las apelaciones tendrán que ser sometidas dentro del los 14 días; a partir que el preso recibió la respuesta para agotar todas las posibles respuestas administrativas.

DATE OF INMATE'S REQUEST FOR AN APPEAL: (Fecha de la solicitud de la apelación del detenido): ___/ NA /___

INMATE'S BASIS FOR AN APPEAL: Please give reasons for your appeal.)

ADMINISTRATOR/DESIGNEE'S ACCEPTANCE OF INMATE'S APPEAL?
(¿Apelación del detenido aceptada por el administrador o su designado?)   Yes (Si) ☐   No ☐

ADMINISTRATOR/DESIGNEE'S DECISION OR RECOMMENDATION: (Decisión o recomendación por parte del administrador o su designado):

| ADMINISTRATOR/DESIGNEE (Print): | SIGNATURE (Firma del Administrador o su designado): | DATE (Fecha): |
|---|---|---|
| | | / / |

INMATE SIGNATURE (if applicable):   DATE THAT RECEIVED APPEAL RESPONSE: / /

(FCN 40) (NOV 11)   (WHITE COPY - PROGRAM SERVICES)   (YELLOW COPY - CRW/PLATOON COUNSELOR)   (PINK COPY - INMATE)

CCSAO Houston 14 C 9462   00023

Exhibit # Nine

# Cook County Department of Corrections
## Division 6
## Officer's Living Unit Log

Please Print All Information

| Living Unit: 2C | Date: 23 Sep 2014 | Shift: 3-11 |
|---|---|---|

Officer Assigned: (please print) Sam          Star #

Area Supervisor: Sgt Jones

### Beginning Shift Count (place total # below)

| Detainees on Living Unit | Detainees at Court | Detainees Elsewhere | Total Living Unit Count |
|---|---|---|---|
| 42 | 1 | 0 | 43 |

Total Fire Extinguishers 2
On Hook ☑Yes ☐No
Charged ☑Yes ☐No

Divisional Procedures / Post Orders ☑Yes ☐No

Movement Sheet ☑Yes ☐No

Mail Delivered ☐Yes ☑No  Hrs

Total Keys Received 3   Key # 78   Key # 136   Key # 79   Key # n/a   Key # n/a
# Mops 0   # Brooms 0   # Dustpans 0   # Buckets 0   # Wringers 0

Uniform Exchange ☐Yes ☐No  n/a Hrs
Linen Exchange ☐Yes ☐No  n/a Hrs
Fire Drill ☐Yes ☑No  n/a Hrs
Escape Drill ☐Yes ☑No  n/a Hrs

Commissary ☐Yes ☐No
Barber / Beauty Shop ☐Yes ☑No  n/a Hrs
# of Movement ID's 43   # of Housing ID's 43

Living Unit Search ☐Yes ☑No

### Officers and Supervisors Present

| Time Doors Unlocked | | | | | Time Doors Locked | |
|---|---|---|---|---|---|---|
| 15 Hrs | Hrs | Hrs | Hrs | 2100 Hrs | Hrs | Hrs |

| Time Food Arrived | Time Living Unit Fed | Time Trays Off Living Unit | # of Trays Received | # of Trays Returned |
|---|---|---|---|---|
| 1710 Hrs | 1700 Hrs | 1750 Hrs | Hrs | Hrs |

| Medical Staff Visits: Sam | Hrs | Program Staff Visits: | Hrs |
|---|---|---|---|
| Medical Staff Visits: | Hrs | Program Staff Visits: DuVall 345 | Hrs |
| Medical Staff Visits: | Hrs | Program Staff Visits: | Hrs |
| Medical Staff Visits: | Hrs | Program Staff Visits: | Hrs |
| Medical Staff Visits: | Hrs | Program Staff Visits: | Hrs |

### Security Checks

| | | | | | |
|---|---|---|---|---|---|
| 1500 Hrs | 1630 Hrs | 1800 Hrs | 1930 Hrs | 2130 Hrs | Hrs |
| 1870 Hrs | Hrs | 1830 Hrs | 1900 Hrs | Hrs | Hrs |
| 1600 Hrs | 1730 Hrs | 1900 Hrs | 2030 Hrs | Hrs | Hrs |

### Officer Lunch Relief

Time Left 1800 Hrs          Time Returned 2030 Hrs

Relieving Officers Name & Star # McCullough 8964

### Supervisors Security Check

| Supervisors Signature & Star # | Hrs |
|---|---|
| Supervisors Signature & Star # | Hrs |
| Supervisors Signature & Star # | Hrs |
| Supervisors Signature & Star # | Hrs |

CCDOC 12/99

CCSAO Houston 14 C 9462   00013

*Exibit # TEN*

# Cook County Health and Hospitals System

1900 West Polk Street, Chicago, Illinois 60612

Patient Name: HOUSTON, JAMES W
Patient Type: Visit CHS
Birth Date: 1/26/1956
Gender: Male

Admission Date:   9/2/2014
Discharge Date:
FIN: 20140902270

MRN: 000636512; 005003609c

CMRN: 1007079358

## Diagnostic Radiology

| Accession | Exam Date/Time | Exam | Ordering Physician | Status |
|-----------|----------------|------|--------------------|--------|
| DX-14-0185727 | 9/2/2014 18:54 CDT | Chest Screening | SYSTEM | Auth (Verified) |

**Findings**
Clinical Indication: Chest screening.

Comparison: 07.07.14

Technique: Frontal chest radiograph obtained.

Findings: No suspicious focal opacity within the lungs. No pleural effusions. The heart is normal in size.

**Impression**
Impression:
No plain radiograph evidence of active pulmonary TB.

Electronically signed by: KALLOLINI TAILOR
Date:   09/03/14
Time:   05:55

****FINAL REPORT****
*Reading Radiologist: TAILOR MD, KALLOLINI S*
*Electronically Signed by: TAILOR MD, KALLOLINI S*
*On: 09/03/2014 5:55 am*

| Accession | Exam Date/Time | Exam | Ordering Physician | Status |
|-----------|----------------|------|--------------------|--------|
| DX-14-0185819 | 9/4/2014 11:28 CDT | Toes 2 Views Right | TRAMMELL PA-C,GLEN | Auth (Verified) |

**Reason For Exam**
(Toes 2 Views Right) 2-Fracture

**Findings**
Type of examination: 3 views of the right foot

Reason for examination: Fracture of 3 weeks duration

Comparison: None

Findings: Note is made of subacute minimally displaced healing fracture of the distal third proximal phalanx with moderate soft tissue swelling. Mild degenerative changes in the first distal phalanx .

Report Request ID:   21341530

Page 258 of 296

Facility:  CHS
Location:  062B; 6; 1

CONFIDENTIAL: If the reader of this report is not the intended recipient; or the employee or agent responsible, you are hereby notified that any reading, dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify the appropriate party immediately.

CCSAO Houston 14 C 9462   00284

# Cook County Health and Hospitals System

1900 West Polk Street, Chicago, Illinois 60612

Patient Name: HOUSTON, JAMES W
Patient Type: Visit CHS
Birth Date: 1/26/1956
Gender: Male

Admission Date: 9/2/2014
Discharge Date:
FIN: 20140902270

MRN: 00063651z; 005003609c

CMRN: 1007079358

---

## Intake Screening CHS

*Stomach ulcers in last year :* No
*Cirrhosis :* No
*Hepatitis :* No
*Liver Disease :* No
*Kidney Disease :* No
*Organ Transplant :* No
*Sickle Cell Disease :* No
*Blood clots in leg or lung in last year :* No
*Bleeding Disorder :* No
*Cancer :* No
*Tuberculosis (TB) :* No
*HIV/AIDS :* No
*STI/PID :* No
*Glaucoma/Eye Disease :* No
*Street Drugs by Injection :* No
*Other :* No

FURLOW, VICTORIA - 09/02/2014 16:58

Recently had the following grid
*Surgery within last 6 weeks :* No
*Injury Trauma in last 2 weeks :* No
*ER visit in the last 2 weeks :* Yes
(Comment: STS BROKE MIDDLE TOE ON RT. FOOT X 2- WKS [FURLOW, VICTORIA - 09/02/2014 16:58 ] )
*Hospitalized in the last year :* No

FURLOW, VICTORIA - 09/02/2014 16:58

DCP Generic Code
*Fevers :* No
*Night Sweats :* No
*Weight Loss :* No
*Cough :* No
*Shortness of Breath :* No
*Nausea or Vomiting :* No
*Diarrhea :* No
*Pain on Urination :* No
*Discharge from Penis or Vagina :* No
*Sores on Penis or Vagina :* No
*Drug or ETOH Withdrawl :* No
*Other :* No

FURLOW, VICTORIA - 09/02/2014 16:58

**HIV Risk Factors**
Have you ever engaged in Grid
*Vaginal, anal, or oral sex with anyone? :* Yes
*Sex with men who have sex with men? :* No
*Sex with anonymous partners? :* No

Report Request ID: 21341530
Page 41 of 296
Facility: CHS
Location: 062B; 6; 1

CONFIDENTIAL: If the reader of this report is not the intended recipient; or the employee or agent responsible, you are hereby notified that any reading, dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify the appropriate party immediately.

*Exhibit # Twelve*

## Cook County Health and Hospitals System

1900 West Polk Street, Chicago, Illinois 60612

Patient Name: HOUSTON, JAMES W
Patient Type: Visit CHS     Admission Date:   9/2/2014     MRN: 00063651z; 005003609c
Birth Date: 1/26/1956     Discharge Date:
Gender: Male     FIN: 20140902270     CMRN: 1007079358

| **Intake 2nd Med** | | |
|---|---|---|

9/2/2014 16:58     Height     185.42 cm
    Weight     89.5 KG
    BMI     26 kg/m2

**General:**
    Development: Normally developed.
    Nutritional status: Well nourished.
    Appearance: In no apparent distress.
**HENT:** Oral mucosa is moist.
**Respiratory:** Lungs are clear to auscultation, No wheezes, No crackles.
**Cardiovascular:** Normal rate, Regular rhythm, No murmur.
**Gastrointestinal:** Soft, Flat, Non-tender, Normal bowel sounds.
**Integumentary:** (+) R 3rd toe edema; no gross bony deformity; sensation intact.
**Mental Status Exam:** Alert and oriented X 3.

**Impression and Plan**
    Impression and Plan: Diagnosis.
    Plan   Counseling regarding medications, importance of compliance.
      Disposition: General population.
      Special Instructions: Pt instructed on how to access health care services via the Health Service Request process..

    **Impression and Plan:**
      Diagnosis: H/O R 3rd Toe Fx per pt.
    **Plan**
      PowerOrders
      Patient Care:
        Alert CCDOC (Order): 9/2/2014 17:53, Lower Bunk, Routine, 12, WEEK, 11/25/2014 17:52
        Medical Equipment (Order): 9/2/2014 '7:52, Other (See Comments), Orthotic Shoe R Foot
      Pharmacy:
        Ibuprofen (Order): 600 MG, PO, Q 8 hr kop, PRN, Pain
      Radiology:
        Toes 2 Views Right (Order): 9/2/2014 17:52, All Cermak Patients, 2-Fracture, Fx X 3 weeks, Routine,
          773-674-5628, Ambulatory, Sch Do you want a reminder for this appointment?, Schedule Indicator
      Referrals:
        Follow Up to Primary Care (Order): Routine, 9/10/2014 00:00. Counseling pt advised how to access medical/ mental care if
          needed; Report increased symptoms ASAP.

    **Impression and Plan:**
      Diagnosis: External Rectal Hemorrhoids.
    **Plan**
      PowerOrders

CONFIDENTIAL: If the reader of this report is not the intended recipient; or the employee or agent responsible, you are hereby notified that any reading, dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify the appropriate party immediately.

CCSAO Houston 14 C 9462   00071

*Exhibit #13*

# Cook County Health and Hospitals System

1900 West Polk Street, Chicago, Illinois 60612

Patient Name: HOUSTON, JAMES W
Patient Type: Visit CHS
Birth Date: 1/26/1956
Gender: Male

Admission Date: 9/2/2014
Discharge Date:
FIN: 20140902270

MRN: 00063651z; 0050C36c9c

CMRN: 1007079358

| ER CHS |
|---|

**Cermak Triage Adult**
*Vital Signs :* Assessed
*Chief Complaint :* Assessed
*Accompanied By :* Police
*Information Provided By :* Patient
*Mode of Arrival :* Walked
*Time IN :* 07:48
*Allergies :* Assessed
*PMH :* Yes
*ED Current Medications :* Assessed
*TB Screening :* Assessed
*Last Tetanus :* Unknown
*Triage Complete for Adult ED :* Yes
*Acuity :* 3

OUTLAW-CLAY RN, PATRICIA - 09/25/2014 07:56

**Chief Complaint**
*Primary Chief Complaint :* Medical problem re-evaluation V70.9
*Chief Complaint Additional Info :* JSH RETURN--BLUNT HEAD TRAUMA

OUTLAW-CLAY RN, PATRICIA - 09/25/2014 07:56

**Allergies**
*Allergy Band :* No

OUTLAW-CLAY RN, PATRICIA - 09/25/2014 07:56
(As Of: 09/25/2014 07:58:46 CDT)

Allergies (Active)
No Known Allergies

*Estimated Onset Date:* Unspecified ; *Created By:* BATULA,
AIDALIZA; *Reaction Status:* Active ; *Category:* Drug ;
*Substance:* No Known Allergies ; *Type:* Allergy ; *Updated By:*
BATULA, AIDALIZA; *Reviewed Date:* 09/25/2014 05:06

**Vital Signs/Respiratory**
*Temperature Oral :* 98.2 DegF(Converted to: 36.8 DegC)
*Pulse Rate :* 66 bpm
*Pulse Location Site :* Telemetry monitor
*Systolic Blood Pressure :* 126 mmHg
*Diastolic Blood Pressure :* 86 mmHg
*NIBP Site :* Arm, Left
*Respiratory Rate :* 18 breaths/min
*Oxygen Saturation :* 97 %
*Oxygen Delivery Device :* Room air

OUTLAW-CLAY RN, PATRICIA - 09/25/2014 07:56

**Current Medications**
*Current Medication List :* Other: zoloft,respidol,tresidone

OUTLAW-CLAY RN, PATRICIA - 09/25/2014 07:56

Report Request ID: 21341530

Page 3 of 296

Facility: CHS
Location: 062B; 6; 1

CONFIDENTIAL: If the reader of this report is not the intended recipient; or the employee or agent responsible, you are hereby notified that any reading, dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify the appropriate party immediately.

CCSAO Houston 14 C 9462  00029

*Exhibit.# 14*

# Cook County Health and Hospitals System

1900 West Polk Street, Chicago, Illinois 60612

Patient Name: HOUSTON, JAMES W
Patient Type: Visit CHS
Birth Date: 1/26/1956
Gender: Male

Admission Date: 9/2/2014
Discharge Date:
FIN: 20140902270

MRN: 00063651z; 0050C3609c

CMRN: 1007079358

| Nursing Note Inpt |
|---|

Document Type:
Service Date/Time:
Result Status:
Perform Information:
Sign Information:

Nursing Note Inpt
9/19/2014 16:26 CDT
Auth (Verified)
SPENCER,LORNALORINE (9/19/2014 16:26 CDT)
SPENCER,LORNALORINE (9/19/2014 16:26 CDT)

### Nursing Progress Note Entered On: 09/19/2014 16:27
### Performed On: 09/19/2014 16:26 by SPENCER, LORNALORINE

**Nursing Progress Note**
*Nursing Progress Note :* DETAINEE REFUSED PCC AT THIS TIME

SPENCER, LORNALORINE - 09/19/2014 16:26

Document Type:
Service Date/Time:
Result Status:
Perform Information:
Sign Information:

Nursing Note Inpt
9/24/2014 05:42 CDT
Auth (Verified)
GRAY RN,TERESA (9/24/2014 05:42 CDT)
GRAY RN,TERESA (9/24/2014 05:42 CDT)

### Nursing Progress Note Entered On: 09/24/2014 05:47
### Performed On: 09/24/2014 05:42 by GRAY RN, TERESA

**Nursing Progress Note**
*Nursing Progress Note :* Pt a&o ambulatory ; c/o facial/head/oral trauma with possible LOC s/p altercation. C-collar/back board implemented per Paramedic. Transferring to JSH-trauma via ATI.

GRAY RN. TERESA - 09/24/2014 05:42

Document Type:
Service Date/Time:
Result Status:
Perform Information:
Sign Information:

Nursing Note Inpt
9/30/2014 10:43 CDT
Auth (Verified)
HINES,ALESIA R (9/30/2014 10:43 CDT)
HINES,ALESIA R (9/30/2014 10:43 CDT)

### Nursing Progress Note Entered On: 09/30/2014 10:45
### Performed On: 09/30/2014 10:43 by HINES, ALESIA R

**Nursing Progress Note**
*Nursing Progress Note :* pt brought to disp c/o of sob, upon assessing pt would not stop talking v/s's 134/90-61-18- pos room air 98% pt was returned to tier without incident pt seened at 10:10a.m.

HINES, ALESIA R - 09/30/2014 10:43

CONFIDENTIAL: If the reader of this report is not the intended recipient; or the employee or agent responsible, you are hereby notified that any reading, dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify the appropriate party immediately.

CCSAO Houston 14 C 9462  00297

*Exhibit #15*

## Cook County Health and Hospitals System

1900 West Polk Street, Chicago, Illinois 60612

Patient Name: HOUSTON, JAMES W
Patient Type: Visit CHS      Admission Date:   9/2/2014      MRN: 000636512; 0050C36C9c
Birth Date: 1/26/1956      Discharge Date:
Gender: Male      FIN: 20140902270      CMRN: 1007079358

| ER CHS |
|---|

Associated Diagnoses: **None**
Author: **NAKITENDE MD, DAMALI**

## TRAUMA DISCHARGE SYNOPSIS

**Admission Date:** 9/24/2014

**Discharge Date:** 09/25/14

**New Adverse drug reaction:** x No   _ Yes

**Allergies :** x No    _ Yes

**Dx #**      **Discharge Diagnosis**

1.      BHT with LOC

2.      lip laceration

**Significant History, Physical Examination and Hospital Course:**
52 yo M w/ h/o BPAD transferred from Cermak boarded/collared for assault, BHT with reported LOC. Assalted at 3 am, punched with fists in mouth, pt denies LOC although reported by Cermak officials. No other injuries. Primary survey intact. GCS 15. Secondary survey remarkable for upper lip laceration with minimal bleeding. CTLS spine, abd cleared clinically. Denies HIV testing. CAGE negative, - abuse, cease fire N/A. Unsure of last tetanus. Workup as below. Pt was admitted to obs with neg head CT scan for 24 hour neuro checks which are up on 9/25 at 5am. Repeat CT scan at 24 hours showed no change and pt was dicharged.

**Significant Labs, Radiology, Pathology and Other Tests:**

CONFIDENTIAL: If the reader of this report is not the intended recipient; or the employee or agent responsible for delivering, you are hereby notified that any reading, dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify the appropriate party immediately.

CCSAO Houston 14 C 9462   00031

Exhibit # 16

| COOK COUNTY SHERIFF'S POLICE DEPARTMENT **CONTINUATION SHEET** | | 2. CASE REPORT # 14-218680 |
|---|---|---|

| 2. PAGE NUMBER 3 Of 3 | 3. OFFENSE Battery | 4. CLASSIFICATION Simple | 5. SUBURBAN COMPLAINT NO. |
|---|---|---|---|

On 01 October 2014 at approximately 0600 hours, R/I interviewed Officer Simmons via the telephone. Officer Simmons related to R/I in summary but not verbatim unless otherwise noted that she was just coming back from lunch when inmate Jenkins got her attention from cell 4. Officer Simmons stated inmate Jenkins told her through the chuckhole that he and inmate Houston had just fought. Officer Simmons stated she looked inside and observed inmate Houston lying on his bed with his upper lip bleeding. Officer Simmons stated neither inmate admitted to starting the fight. Officer Simmons stated inmate Jenkins said, "Inmate Houston was standing over him" while inmate Houston said, "He is crazy." R/I concluded this interview.

Based on the interviews there is no independent witness and conflicting statements.

10-29-14 10:15 OUT

**THIS IS A CLEARED AND CLOSED CASE REPORT**

| 17. REPORTING OFFICER SIGNATURE Glinsey | STAR # 599 |
|---|---|



CCSAO Houston 14 C 9462   00017



CCSAO Houston 14 C 9462   00021